084809.0347(207)  RMC:lab  No. 397

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **STATE AUTO PROPERTY &** | ) |
| **CASUALTY INSURANCE COMPANY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **312 REAL ESTATE MANAGEMENT** | ) |
| **LLC, an Illinois limited liability company,** | ) |
| **and FELECIA COOKE,** | ) |
| | ) |
| **Defendants.** | ) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Now comes the Plaintiff, State Auto Property & Casualty Insurance Company, by its attorney, Robert Marc Chemers of Pretzel & Stouffer, Chartered, and for its Complaint for Declaratory Judgment against the Defendant, 312 Real Estate Management LLC, an Illinois limited liability company, and the Defendant Felecia Cooke, alleges the following:

**JURISDICTION**

1.      The jurisdiction of this Court is premised upon 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, in this action seeking a judgment declaring that certain insurance policies excluding coverage for injury caused by exposure to mold provide no insurance coverage for a claim in an underlying-action seeking damages for injury caused by exposure to mold.

## VENUE

2.      Venue is premised upon 28 U.S.C. § 1391 as the Defendants are residents of this District.

## THE PARTIES

3.      State Auto Property & Casualty Insurance Company ("State Auto") is an Iowa insurance corporation which maintains its principal place of business in Columbus, Ohio, and which at all times herein relevant was licensed to and which did transact insurance business in the State of Illinois and elsewhere.

4.      312 Real Estate Management LLC ("the Insured") is an Illinois limited liability company which maintains its principal place of business in Chicago, Illinois.  The Insured's Manager is Raphael Lowenstein, who is a citizen and resident of the State of Illinois.

5.      Felecia Cooke ("Cooke") is a citizen and resident of the State of Illinois as well as the plaintiff in a certain action brought against the Insured in another court and more fully described below, and who is a nominal but interested party to this action.  State Auto seeks no relief from Cooke, who has been joined herein as a party defendant solely to be bound by the judgment rendered in this cause.

## THE UNDERLYING LITIGATION

6.      In the Circuit Court of Cook County, Illinois, County Department, Law Division, under Cause No. 23 L 5277, Cooke has filed against the Insured (misnamed, according thereto, as "312 REAL ESTATE") an action seeking damages for alleged

2

exposure to and infection by mold while residing in an apartment she rented from the Insured at 6345 South Woodlawn in Chicago, Illinois (the "Underlying Litigation"). A true and correct copy of the Complaint therein ("the Underlying-Litigation Complaint") is attached hereto, made a part hereof and is marked as Pleading Exhibit F.

7.      The Underlying-Litigation Complaint asserts causes of action for premises liability (Count I) and negligence (Count II) for Cooke's alleged exposure to "filthy, dirty and nasty bacteria" contained in mold in and around throughout the apartment she rented from the Insured beginning in May 2019. It alleges that the Insured knew or should have known that her apartment and common areas around and adjacent to the apartment were in a dangerous condition due to the "continuing presence of existing filthy, dirty and nasty bacteria" contained in mold in and throughout the apartment and common areas, all of which more fully appears in the Underlying-Litigation Complaint.

8.      More specifically, the Underlying-Litigation Complaint alleges, *inter alia*, as follows:

> 11.    At all times complained of herein, the Plaintiff notified the Defendant of the aforesaid dangerous condition.
>
> 12.    At all times complained of herein, the Plaintiff was lawfully present residing in the apartment, whereat she was caused to suffer an infection and become permanently injured as a result of the exposure to bacteria filled mold.
>
> 13.    At all times complained of herein, and on or about March 13, 2023, a mold inspection and testing revealed the presence of bodily injury causing mold in the apartment. . . .

3

17. Notwithstanding its duty as aforesaid, at all times complained of herein, the Defendant was guilty of one or more of the following negligent acts or omissions to act to wit:

   a.   failed to examine, inspect and supervise the common areas in the premises when it knew or in the exercise of ordinary care should have known that the premises were dangerous.

   b.   failed to examine, inspect and supervise the apartment in the premises when it knew or in the exercise of ordinary care should have known that the premises were dangerous.

   c.   failed to provide an adequate warning of the dangerous condition in the apartment in its premises which constituted a dangerous condition on said premises.

   d.   failed to provide an adequate warning of the dangerous condition in the common areas in its premises which constituted a dangerous condition on said premises.

   e.   failed to provide any warning of said conditions to avoid exposing the Plaintiff to infection.

   f.   failed to maintain the apartment in its premises so to avoid exposing the Plaintiff to infection.

   g.   failed to maintain the common areas in its premises so to avoid exposing the Plaintiff to infection.

   h.   failed to repair and or remedy the aforesaid dangerous conditions so as to avoid exposing the Plaintiff to infection.

18. As a direct and proximate result of the Defendant's negligence, the Plaintiff became exposed to bodily injury causing bacteria filled mold.

19. As a further direct and proximate result of the Defendant's negligence, the Plaintiff was permanently injured, sustained permanent pain and suffering, suffered a permanent loss of her normal life, lost wages or other income, became liable for large

4

sums of money endeavoring to be cured of her pain, suffering and injuries, and will in the future will become liable for large sums of money endeavoring to be cured of her pain, suffering and injuries, resulting in great economic and non-economic damages to the Plaintiff.

### THE STATE AUTO POLICIES

9.      As of May 2019, there was in force a State Auto Preferred Business Policy, number PBP2833985-00 with a policy period of June 1, 2018 to June 1, 2019, identifying 312 Real Estate Holdings LLC (misnamed as "312 Real Estate Holding LLC") as the first named insured and 312 Real Estate LLC as another named insured, which policy includes a Commercial General Liability ("CGL") coverage part as well as a self-contained Commercial Umbrella Policy ("the Umbrella policy").  A certified true and correct copy of such policy is attached hereto, made a part hereof and is marked as Pleading Exhibit A. Such policy was renewed for the period of June 1, 2019 to June 1, 2020 under policy number PBP2833985-01, for the period of June 1, 2020 to June 1, 2021 under policy number PBP2833985-02, for the period of June 1, 2021 to June 1, 2022 under policy number PBP2833985-03, and for the period of June 1, 2022 to June 1, 2023 under policy number PBP2833985-04.  Such certified copies of the aforesaid renewal policies are attached hereto, made a part hereof and are marked as Pleading Exhibits B, C, D and E, respectively.

10.     In its Insuring Agreement for "bodily injury" and "property damage" coverage, the CGL coverage part for each policy period provides as follows (Ex. A at 93; Ex. B at 95; Ex. C at 96; Ex. D at 87; Ex. E at 90):

5

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABLITY**

1.     **Insuring Agreement**

    **a.**     We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

        **(1)**     The amount we will pay for damages is limited as described in Section **III** - Limits Of Insurance; and

        **(2)**     Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

    No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverages **A** and **B**.

    **b.**     This insurance applies to "bodily injury" and "property damage" only if:

        **(1)**     The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

        **(2)**     The "bodily injury" or "property damage" occurs during the policy period; and

        **(3)**     Prior to the policy period, no insured listed under Paragraph **1**. of Section **II** - Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or

in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

11.     In its Insuring Agreement for "personal and advertising injury" coverage, in turn, the CGL coverage part for each policy period provides as follows (Ex. A at 97; Ex. B at 99; Ex. C at 100; Ex. D at 91; Ex. E at 94):

### COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY

**1.     Insuring Agreement**

**a.**     We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result. But:

**(1)**     The amount we will pay for damages is limited as described in Section III - Limits Of Insurance; and

**(2)**     Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverages **A** and **B**.

**b.**     This insurance applies to "personal and advertising injury" caused by an offense arising out of your business by only if the offense was committed in the "coverage territory" during the policy period.

7

12.     Also, the CGL coverage part for each policy period defines certain terms

used in the Insuring Agreements set forth in ¶¶ 10 and 11 hereof as follows (Ex. A at 104-

06; Ex. B at 106-08; Ex. C at 107-09; Ex. D at 98-100; Ex. E at 101-03):

**3.**     "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time. . . .

**13.**     "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

**14.**     "Personal and advertising injury" means injury, including consequential "bodily injury," arising out of one or more of the following offenses:

**a.**     False arrest, detention or imprisonment;

**b.**     Malicious prosecution;

**c.**     The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

**d.**     Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

**e.**     Oral or written publication, in any manner, of material that violates a person's right of privacy;

**f.**     The use of another's advertising idea in your "advertisement"; or

**g.**     Infringing upon another's copyright, trade dress or slogan in your "advertisement". . . .

**17.**     "Property damage" means:

**a.**     Physical injury to tangible property, including all resulting loss of use of that property. All such loss of

8

use shall be deemed to occur at the time of the physical injury that caused it; or

**b.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

For the purposes of this insurance, electronic data is not tangible property.

As used in this definition, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMS, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

13.     By endorsement, the CGL coverage part for each policy period contains an

exclusion for mold.  The Fungi or Bacteria Exclusion provides as follows (Ex. A at 92; Ex.

B at 94; Ex. C at 95; Ex. D at 86; Ex. E at 89):

**FUNGI OR BACTERIA EXCLUSION**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**A.**     The following exclusion is added to Paragraph **2. Exclusions** of **Section I - Coverage A - Bodily Injury And Property Damage Liability**:

**2.**     **Exclusions**

This insurance does not apply to:

**Fungi Or Bacteria**

**a.**     "Bodily injury" or "property damage" which would not have occurred, in whole or in part, but for the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any "fungi" or bacteria on or within a building or structure, including its contents, regardless of whether any other

9

cause, event, material or product contributed concurrently or in any sequence to such injury or carnage.

**b.** Any loss, cost or expanses arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to, or assessing the effects of, "fungi" or bacteria, by any insured or by any other person or entity,

This exclusion does not apply to any "fungi" or bacteria that are, are on, or are contained in, a good or product intended for bodily consumption.

**B.** The following exclusion is added to Paragraph **2. Exclusions** of **Section I - Coverage B - Personal And Advertising Injury liability:**

**2.** **Exclusions**

This insurance does not apply to:

**Fungi Or Bacteria**

**a.** **"**Personal and advertising injury" which would not have taken place, in whole or in part, but for the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of any "fungi' or bacteria on or within a building or structure, including its contents, regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such injury.

**b.** Any loss, cost or expense arising cut of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to, or assessing the effects of, "fungi" or bacteria, by any insured or by any other person or entity.

**C.** The following definition is added to the **Definitions** Section:

"Fungi" means any type or form of lunges, including mold or mildew and any mycotoxins, spores, scents or byproducts produced or released by fungi.

10

14.     In its Insuring Agreement for "bodily injury" and "property damage"
coverage, each Umbrella policy provides as follows (Ex. A at 130; Ex. B at 127; Ex. C at
130; Ex. D at 121; Ex. E at 131):

**Coverage A Bodily Injury And Property Damage Liability**

**1.     Insuring Agreement**

    **a.**    We will pay on behalf of the insured the "ultimate net loss" in excess of the "retained limit" because of "bodily injury" or "property damage" to which this insurance applies. We will have the right to associate with the "underlying insurer" and the insured to defend against any "suit" seeking those damages. But:

        **(1)**    The amount we will pay for "ultimate net loss" is limited as described in Section **IV -** Limit Of Insurance;

        **(2)**    At our discretion, we may investigate any "occurrence" and settle any resulting "claim" or "suit";

        **(3)**    We have a right and duty to defend the insured against any "suits" to which this insurance applies:

            (a)    But which are not covered by any "underlying insurance" shown in the Declarations or by any other primary policies that may apply; or

            (b)    If the applicable limit of "underlying insurance" is exhausted.

        However, we will have no duty to defend the insured against any "suits" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply; and

        **(4)**    Both our right and duty to defend any existing or future "suits" end when we have exhausted the applicable Limit of Insurance in payment of judgments or settlements under Coverages **A** and **B.**

11

No other obligation or liability to pay or perform acts or services is covered unless explicitly provided for under Section **II -** Defense.

15.     In its Insuring Agreement for "personal and advertising injury" coverage, in turn, each Umbrella policy provides as follows (Ex. A at 138; Ex. B at 135; Ex. C at 138; Ex. D at 139; Ex. E at 149):

**Coverage B Personal And Advertising Injury Liability**

**1.      Insuring Agreement**

**a.**     We will pay on behalf of the insured the "ultimate net loss" in excess of the "retained limit" because of "personal and advertising injury" to which this insurance applies. We will have the right to associate with the "underlying insurer" and the insured to defend against any "suit" seeking those damages. But:

**(1)**     The amount we will pay for the "ultimate net loss" is limited as described in Section **IV -** Limit Of Insurance;

**(2)**     At our discretion, we may investigate any offense and settle any resulting "claim" or "suit";

**(3)**     We have a right and duty to defend the insured against any "suits" to which this insurance applies:

**(a)**     But which are not covered by any "underlying insurance" shown in the Declarations or by any other primary policies that may apply; or

**(b)**     If the applicable limit of "underlying insurance" is exhausted.

However, we will have no duty to defend the insured against any "suits" seeking damages for "personal and advertising injury" to which this insurance does not apply; and

12

**(4)** Both our right and duty to defend any existing or future "suits" end when we have exhausted the applicable Limit of Insurance in payment of judgments or settlements under Coverages **A** and **B.**

No other obligation or liability to pay or perform acts or services is covered unless explicitly provided for under Section **II -** Defense.

**b.** This insurance applies to "bodily injury" or "property damage" which may be subject to an applicable "retained limit" when shown in the Declarations. If any other limit, such as a sublimit, is specified in the "underlying insurance", this insurance does not apply to "bodily injury" or "property damage" arising out of that exposure unless that limit is specified in the Declarations under the Schedule of Underlying Insurance.

**c.** This insurance applies only to "personal and advertising injury" caused by an offense arising out of your business, but only if the offense was committed in the "coverage territory" during the policy period.

16. Also, each Umbrella policy defines certain terms used in the Insuring Agreements set forth in ¶¶ 14 and 15 hereof as follows (Ex. A at 148-51; Ex. B at 146-48; Ex. C at 148-51; Ex. D at 141-42; Ex. E at 151-52):

**4.** "Bodily injury" means bodily injury, sickness, or disease sustained by a person, including death resulting from any of these at any time. "Bodily injury" includes mental anguish or other mental injury resulting from "bodily injury."

**16.** "Occurrence" means:

**a.** With respect to "bodily injury" or "property damage," an accident, including continuous or repeated exposure to substantially the same general harmful conditions. This does not apply to your liability (other than under a contract or agreement) for "bodily injury" to your "employees" arising out of and in the course of employment by you; or

13

**b.** With respect to your liability (other than under a contract or agreement) for "bodily injury" to your "employees" arising out of and in the course of employment by you, "bodily injury" caused by accident or disease.

17. "Personal and advertising injury" means injury, including consequential "bodily injury," arising out of one or more of the following offenses:

    **a.** False arrest, detention or imprisonment;

    **b.** Malicious prosecution;

    **c.** The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

    **d.** Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

    **e.** Oral or written publication, in any manner, of material that violates a person's right of privacy;

    **f.** The use of another's advertising idea in your "advertisement;" or

    **g.** Infringing upon another's copyright, trade dress or slogan in your "advertisement."

**21.** "Property damage" means:

    **a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    **b.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

14

For the purposes of this insurance, electronic data is not tangible property.

As used in this definition, electronic data means information, facts or programs stored as or on created or used on, or transmitted to or from computer software, including systems and application software, hard or floppy disks, CD-ROMs, tapes drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

18.     By endorsement, each Umbrella policy contains an exclusion for mold. The Fungi or Bacteria Exclusion provides as follows (Ex. A at 160; Ex. B at 154; Ex. C at 157; Ex. D at 150: Ex. E at 160):

## FUNGI OR BACTERIA EXCLUSION

This endorsement modifies insurance provided under the following:

COMMERCIAL UMBRELLA COVERAGE FORM

**A.**     The following exclusion is added to Paragraph **2.** Exclusions of Section **1.** – Coverage **A** – Bodily Injury And Property Damage Liability:

  **2.**     Exclusions

  This insurance does not apply to:

  FUNGI OR BACTERIA

  **a.**     "Bodily injury" or "property damage" which would not have occurred, in whole or in part, but for the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any "fungi" or bacteria on or within a building or structure, including its contents, regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such injury or damage.

15

**b.** Any loss, cost or expenses arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediation or disposing of, or in any way responding to, or assessing the effects of, "fungi" or bacteria, by any insured or by any other person or entity.

This exclusion does not apply to any "fungi" or bacteria that are, are on, or are contained in, a good or product intended for bodily consumption.

**B.** The following exclusion is added to Paragraph **2.** Exclusions of Section **1.** – Coverage **B** – Personal And Advertising Injury Liability:

**2.** Exclusions

This insurance does not apply to:

FUNGI OR BACTERIA

**a.** "Personal and advertising injury" which would not have taken place, in whole or in part, but for the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of any "fungi" or bacteria on or within a building or structure, including its contents, regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such injury.

**b.** Any loss, cost or expense arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediation or disposing of, or in any way responding to, or assessing the effects of, "fungi" or bacteria, by any insured or by any other person or entity.

**C.** The following definition is added to the Definitions Section:

"Fungi" means any type or form of fungus, including mold or mildew and any mycotoxins, spores, scents or byproducts produced or released by fungi.

**TENDER OF DEFENSE**

19. Identifying itself as the defendant misnamed as "312 REAL ESTATE" in the Underlying Litigation, the Insured has tendered its defense therein to State Auto and State Auto refused that tender for the reasons stated herein.

**COUNT I**
**(DECLARATORY JUDGMENT RE: NO CGL COVERAGE DUTY TO DEFEND OR INDEMNIFY)**

20. State Auto adopts and repeats the allegations of ¶¶ 1 through 13 and 19 as and for ¶ 20 hereof as though the same were fully set forth herein.

21. In view of the foregoing, State Auto contends that, under the aforementioned policies' CGL coverage parts, it has no duty to defend or indemnify the Insured in the Underlying Litigation for the reason that, pursuant to the Fungi or Bacteria Exclusion therein, each CGL coverage part specifically excludes coverage for "bodily injury," "property damage" or "personal and advertising injury" due to exposure to fungi or bacteria, that is, mold, regardless of whether any other cause, event, material or product contributed concurrently or in any other sequence.

22. On information and belief, however, the Insured contends that it is entitled to coverage under such policies' CGL coverage parts.

23. By reason of the foregoing, an actual and justiciable controversy exists between the parties and each of them, which may be determined by a judgment or order of this Court. Pursuant to the terms and provisions of 28 U.S.C. 2201 and 2202, this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under

the terms and provisions of the insurance policies referred to herein, and to adjudicate the final rights of all parties and to give such other and further relief as may be necessary to enforce the same.

## COUNT II
### (DECLARATORY JUDGMENT RE: NO UMBRELLA POLICY DUTY TO DEFEND OR INDEMNIFY)

24.     State Auto adopts and repeats the allegations of ¶ 1 through 19 as and for ¶ 24 hereof as though the same were fully set forth herein.

25.     In view of the foregoing, State Auto contends that, under the aforementioned policies' self-contained Umbrella policies, it has no duty to defend or indemnify the Insured in the Underlying Litigation for the reason that, pursuant to the Fungi or Bacteria Exclusion therein, each Umbrella policy specifically excludes claims for injuries due to mold regardless of whether any other cause, event, material or product contributed concurrently or in any other sequence.

26.     On information and belief, however, the Insured contends that it is entitled to coverage under such Umbrella policies.

27.     By reason of the foregoing, an actual and justiciable controversy exists between the parties and each of them, which may be determined by a judgment or order of this Court.  Pursuant to the terms and provisions of 28 U.S.C. 2201 and 2202, this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the insurance policies, and to adjudicate the final rights of all parties and to give such other and further relief as may be necessary to enforce the same.

**PRAYERS FOR RELIEF**

**WHEREFORE**, the Plaintiff, State Auto Property & Casualty Insurance Company, prays that this Court enter judgment as follows:

**AS TO COUNT I:**

A.    Finding and declaring that, under its insurance policies numbered PBP 2833985-00, PBP2833985-01, PBP2833985-02, PBP2833985-03 and PBP2833985-04, State Auto Property & Casualty Insurance Company has no duty to defend or indemnify to 312 Real Estate Management LLC in the action filed in the Circuit Court of Cook County, Illinois, under Cause No. 23 L 5277.

B.    Granting State Auto Property & Casualty Insurance Company such other and further relief as the Court deems fit and just under the circumstances.

C.    Awarding State Auto Property & Casualty Insurance Company its just and reasonable costs incurred herein and having execution issue therefor.

**AS TO COUNT II:**

A.    Finding and declaring that, under its insurance policies numbered PBP2833985-00, PBP2833985-01, PBP2833985-02, PBP2833985-03 and PBP2833985-04, State Auto Property & Casualty Insurance Company has no duty defend or indemnify 312 Real Estate

19

Management LLC in the action filed in the Circuit Court of Cook County, Illinois, under Cause No. 23 L 5277.

B. Granting State Auto Property & Casualty Insurance Company such other and further relief as the Court deems fit and just under the circumstances.

C. Awarding State Auto Property & Casualty Insurance Company its just and reasonable costs incurred herein and having execution issue therefor.

Respectfully submitted:

*/s/  Robert Marc Chemers*
Robert Marc Chemers
Bar No: 0431508
PRETZEL & STOUFFER, CHARTERED
200 South Wacker Drive
Suite 2600
Chicago, Illinois 60606
Telephone:    (312) 578-7548
Fax:               (312) 346-8242
E-Mail:  rchemers@pretzelstouffer.com

20